### COMMONWEALTH v. Z. W. GRIFFON, ET AL.

**Criminal Law—Sufficiency of Indictment.**

> An indictment, to be good against a motion to quash, must contain a statement of the alleged offense with reasonable certainty and distinctness, such as will apprise the accused of the facts intended to be proved against him.

**Joining Offenses.**

> But one offense can be embraced in a single count of an indictment, and only such offenses as may be joined should be included in a single indictment.

#### APPEAL FROM OHIO CRIMINAL COURT.

January 5, 1877.

OPINION BY JUDGE COFER:

We attach no importance to the fact that the accusing or first clause of the indictment, does not contain a statement that the defendants permitted a gaming table, or a machine or contrivance ordinarily used in betting, to be set up on premises in their possession and under their control. If the specific facts stated show that the defendant has been guilty of a public offense, that, though informal, would be sufficient.

But we are of the opinion that the indictment was bad upon other grounds. The reasons for requiring an indictment at all is that the defendant ought to be apprised of the facts intended to be proved against him, and to be able, after having been tried, to plead his acquittal or conviction in bar of a second prosecution. In order that he may be prepared to meet the accusation against him, the facts constituting the alleged offense must be stated with at least reasonable certainty and distinctness, and only one offense should be embraced in a single count, and only such offenses as may be joined should be included in a single indictment.

This indictment charges that the defendants did permit divers persons to exhibit, set up and keep machines and contrivances used in betting, and that money and other things of value were bet on, and lost thereon. How many machines and how many contrivances were

set up? Certainly two of each, for the plural is used as to both. Then it is charged that such machines and contrivances were set up, kept and exhibited by divers persons on divers day, and, for ought we ·can tell, on divers premises. To permit the setting up of one gaming machine was an offense, and to permit the setting up of a gaming contrivance was another, and if the defendants permitted divers machines and contrivances, such as are described, to be set up on premises in their possession and under their control, they committed divers separate and distinct offenses, and a separate indictment should have been found for each one; and such description should have been given as would have prevented a judgment in one from being pleaded in bar in the others.

That the indictment charged more than one offense was, of itself, a sufficient reason for sustaining the demurrer, and the judgment must be *affirmed.*

*Moss, Joe Haycraft, for appellant. McHenry & Hill, for appellees.*